IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREA DAVIS as the Personal Representative of the Estate of Raymond Bender<br>14642 Governor Sprigg Place<br>Upper Marlboro, MD 20772<br><br>    Plaintiff<br>vs.<br><br>CENTENNIAL HEALTHCARE PROPERTIES, LLC<br>d/b/a Grant Park Care Center<br>303 Perimeter Center North<br>Suite 500<br>Atlanta, GA 30346<br><br>and<br><br>CENTENNIAL SERVICE CORPORATION – GRANT PARK<br>d/b/a Grant Park Care Center<br>303 Perimeter Center North, Suite 500<br>Atlanta, GA 30346<br><br>and<br><br>COASTAL ADMINISTRATIVE SERVICES, LLC<br>303 Perimeter Center North<br>Suite 500<br>Atlanta, GA 30346<br><br>and<br><br>SHORELINE HEALTHCARE MANAGEMENT, LLC<br>303 Perimeter Center North<br>Suite 500<br>Atlanta, GA 30346<br><br>    Defendants | Case No. |

## COMPLAINT

COMES NOW Andrea Davis, as Personal Representative of the Estate of Raymond Bender, Plaintiffs, by her attorney, W. Charles Meltmar, bring these claims against Centennial Service Corporation – Grant Park, Centennial Healthcare Properties, LLC, Coastal Administrative Services, LLC, and Shoreline Healthcare Management, LLC, Defendants, and allege as follows:

### THE PARTIES, VENUE AND JURISDICTION

1. Plaintiff Andrea Davis ("Plaintiff") is a permanent resident of Prince George's County, Maryland.

2. The Register of Wills for Prince George's County, Maryland appointed Andrea Davis, Personal Representative of the Estate of Raymond Bender on June 3, 2008. As Personal Representative, she is entitled to bring this claim on behalf of the Estate.

3. Defendants Centennial Healthcare Properties, LLC[1], and Centennial Service Corporation – Grant Park, Coastal Administrative Services, LLC, Shoreline Healthcare Management, LLC, are entities headquartered in Atlanta, Georgia that all times hereto, provided, directly or indirectly, health care services to patients, including Raymond Bender, in need of same in Washington, DC.

4. Grant Park Nursing Home LP d/b/a Grant Park Care Center is an entity headquartered in Washington, DC that all times hereto, provided health care services to patients, including Raymond Bender, in need of same in Washington, DC.

5. All acts and/or omissions relating to the Plaintiff's claim against the defendants took place within the District of Columbia.

---

[1] In USDC- DC case 08 CV 01764, the plaintiff previously sued Centennial Healthcare Properties, LLC but did not serve them with the "90 day notice letter" as this Court has deemed required by 16 DC Code 2802. Defendant Centennial has failed to raise this issue in case 08 CV 01764. To prevent this issue from arising in the future, the plaintiff has refiled against Centennial and will move to consolidate this case with 08 CV 1764 to prevent Centennial from incurring duplicative litigation costs.

2

6. Pursuant to 28 U.S.C. sec. 1391, *et seq*, the proper venue for this proceeding is Washington, District of Columbia.

7. As the matter in controversy exceeds the sum of $75,000, and the plaintiff and defendants are from diverse jurisdictions, this Honorable Court has jurisdictions over this matter pursuant to 28 U.S.C. sec. 1332.

## FACTS COMMON TO ALL COUNTS

8. Raymond Bender (hereinafter "Mr. Bender") died at the age of 52 on January 29, 2008 roughly 72 hours after his admission to Grant Park Care Center.

9. Grant Park Nursing Home, LP, Centennial Service Corporation – Grant Park, Coastal Administrative Services, LLC, Centennial Management Company, LLC and Shoreline Healthcare Management, LLC defendants, all doing business as Grant Park Care Center are and were at all relevant times the owners and/or operators and/or management and/or service providers of a licensed and registered nursing home facility located at 500 Nannie Helen Burroughs Avenue, NE, Washington, DC 20019, which by its agents, servants, and employees regularly offers medical and nursing services and medical and nursing care to patients and residents in the District of Columbia.

10. Centennial Health Care Properties, LLC, Defendant, is a limited liability company that at all pertinent times had 100% direct and/or indirect ownership and/or a controlling interest and/or management of Grant Park Care Center located at 500 Nannie Helen Burroughs Avenue, NE, Washington, DC 20019. Moreover, Centennial Health Care Properties, LLC, is the named insured on the declaration of page of the insurance policy that provides comprehensive general liability coverage for Grant Park Care Center and as such is either a participant in the management of Grant Park Care Center or an owner of Grant Park Care Center.

11. The defendants controlled the management and health care decisions made concerning the operation of Grant Park Care Center and exercised control over, previously authorized and/or subsequently ratified the daily work of the employees at the nursing home. The defendants did so through the following practices:

   a. By providing an administrator;

   b. By providing other management and supervisory personnel;

   c. By developing and/or providing policies and procedures which governed the staff's performance and the delivery of care to the residents in the nursing home, including decisions on which residents to admit and/or transfer;

   d. By developing and/or providing policies and procedures which determine which residents should be admitted, including residents with a history of psychiatric problems and/or drug and alcohol abuse;

   e. By influencing and/or controlling management and budgetary decisions which directly affected the care of the residents of the nursing home; and

   f. By providing training to the staff and determining skill level mix of direct care staff for each shift.

   g. By establishing the guidelines and admission criteria for residents and policies for removing residents after admission.

12. All of the defendants' alleged acts, omissions, and occurrences were performed by their employees, agents, and/or servants (actual and/or apparent) within the course and scope of their employment and/or agency with the defendants, and in furtherance of their business in the operation and/or management of Grant Park.

4

13. Raymond Bender was admitted to Grant Park Care Center on or about January 26, 2008 so that he could thereafter be cared for in a nursing home setting.  Grant Park Care Center assigned Raymond Bender a room to share with Joseph Madigan.

14. Prior to Raymond Bender's admission, Joseph Madigan has a history of alcohol and/or drug use known to the defendants and Grant Park Care Center and its staff.  Joseph Madigan also had a history of psychiatric problems and violence towards other residents of Grant Park Care Center and the staff of Grant Park Care Center that was known to Grant Park Care Center's staff and the defendants.  Additionally, Joseph Madigan had a history of territorialism and aggression towards roommates assigned to live with him that was known to Grant Park Care Center's staff and the defendants.

15. On or about January 28, 2008, within 72 hours of admission to Grant Park Care Center, without provocation or justification, Joseph Madigan pushed Raymond Bender to the ground causing him to hit his head.  After over 24 hours of care at Grant Park, the defendants finally called for an ambulance and transported Raymond Bender to Prince George's Hospital Center where he died the next day from severe head injuries.

16. Upon information and belief the Washington DC Metropolitan Police subsequently charged Joseph Madigan with Raymond Bender's death.

## COUNT I
### (Negligence/Survival Action)

(Centennial Service Corporation – Grant Park,  Centennial Health Care Properties, LLC, Coastal Administrative Services, LLC, Shoreline Healthcare Management, LLC, d/b/a Grant Park Care Center)

Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 16 of this Complaint, as if each allegation was fully set forth herein, incorporates each preceding allegation by reference, and further alleges as follows:

17. At all times relevant herein the defendants through there agents were aware, or should have been aware, that Raymond Bender was dependent on assistance for all activities of daily living.

18. The defendants had a duty to Raymond Bender to provide Raymond Bender medical and nursing care which would comply with the applicable standards for nursing centers.

19. The defendants owed Raymond Bender a duty to provide care in accord with the applicable standards of care and to properly monitor, assess, care plan, treat, maintain, protect Raymond Bender from his various medical conditions and other residents with a history of violence and aggression, and to preserve Raymond Bender's quality of life. The defendants had a further duty to provide care in accord with the applicable standards of care in order to address Raymond Bender's specific medical needs, was receiving all required medication, including pain medication, was routinely and regularly maintained, assessed, monitored, and that, significant change in condition, or other disabling medical condition was promptly and properly care assessed, reported, and treated.

20. Throughout the course of his residency at Grant Park Care Center, Raymond Bender was subjected to substandard nursing home care by the defendants. The incidents of nursing care provided by the defendants to Raymond Bender which breached the applicable standards of care included, but were not limited to the following:

   a. The defendants failed to properly evaluate, assess, care plan, and treat Joseph Madigan for a history of violence to staff members and residents of Grant Park Nursing Center.

   b. The defendants failed to remove Joseph Madigan from Grant Park Nursing Center for his history of aggression and violence to staff and residents.

c. The defendants failed to properly evaluate, assess, care plan, and treat Joseph Madigan for alcohol and/or drug use and/or a history of violence to staff members and residents of Grant Park Nursing Center.

d. The defendants failed to remove Joseph Madigan from Grant Park Nursing Center for his history of drug and/or alcohol use.

e. The defendants placed Raymond Bender into a room with Joseph Madigan knowing that he had a history of aggression towards other residents, including roommates.

f. The defendants failed to ensure that Raymond Bender was provided with a safe environment, free from the threat and/or risk of injury from other residents.

g. The defendants failed to provide appropriate staffing levels for the residents of Grant Park.

h. The defendants failed to provide appropriate guidelines, procedures and policies for staff at Grant Park as it relates to the care, treatment and removal of substance abusing and/or violent residents.

i. The defendants failed to adequately monitor, assess, and treat Raymond Bender's medical condition.

j. The defendants failed to adequately observe and report, or report in a timely fashion, to an appropriate physician changes in Raymond Bender's physical, mental, and emotional condition.

k. The defendants failed to follow accepted and standard medical and safety procedures.

l. The defendant failed to immediately transport Raymond Bender to a hospital for emergency medical care.

21. At all times and places pertinent to this action, staff members at Grant Park Care

7

Center were acting in the course of their employment as employees of Grant Park Care Center and the defendants.

22. At all times and places pertinent to this action, the defendants Coastal Administrative Services, LLC, Shoreline Healthcare Management, LLC, Centennial Service Corporation – Grant Park, and Centennial Healthcare Properties, LLC all d/b/a Grant Park Care Center were acting through Grant Park Care Center's employees, agents, and/or servants.

23. At all time and places pertinent to this action, staff members and agents of Grant Park Care Center and the defendants knew or should have known that Joseph Madigan posed a risk of injury to the staff members of Grant Park Care Center and residents of their facility, including Raymond Bender.

24. At all time and places pertinent to this action, the staff members, managers, administrators and officers of Grant Park Care Center and the defendants knew or should have known that Joseph Madigan posed a risk of injury to staff members and residents of their facility.

25. The defendants' administration, staff members and agents of Grant Park Care Center's failure to remove Joseph Madigan from their facility was carried out with malice and/or in willful disregard of the rights and safety of Raymond Bender and other residents of their facility.

26. The defendant's administration, staff members and agents of Grant Park Care Center's failure to remove Joseph Madigan from their facility was outrageous, and grossly reckless towards the safety of Raymond Bender and other residents of their facility.

27. As a direct and proximate result of the defendants' negligence, gross recklessness, malice, willful disregard, neglect, and multiple and repeated breaches of the applicable standards of care, Joseph Madigan assaulted and battered Raymond Bender causing severe

mental and emotional distress, conscious pain and suffering, and cause his estate to incur substantial medical and funeral expenses, and other substantial related costs.

**WHEREFORE**, plaintiff, Andrea Davis, the legal representative of Raymond Bender, moves this Court for judgment jointly and severally against the defendants Centennial Service Corporation – Grant Park Coastal Administrative Services, LLC, Centennial Management Company, LLC; Shoreline Healthcare Management, LLC, and Centennial Healthcare Properties, LLC d/b/a Grant Park Care Center for ten million dollars ($10,000,000) in compensatory damages, any award to include compensation for Raymond Bender's medical expenses, pain and suffering, plus interest and costs of this action and any other appropriate relief and additionally requests punitive damages jointly and severally in the amount of five million dollars ($5,000,000).

**THE COCHRAN FIRM**

_/s/ W. Charles Meltmar_
W. Charles Meltmar, Esquire #438870
1100 New York Avenue, NW
Suite 340 West Tower
Washington, D.C. 20005
(202) 682-5800 - Phone
(202) 408-8851 - Fax
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues raised herein.

_____
W. Charles Meltmar